IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

JULY 1996 SESSION

FILED

September 2, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| STATE OF TENNESSEE, | ) | NO. 01C01-9511-CR-00377 |
|---|---|---|
| Appellant | ) | DAVIDSON COUNTY |
| V. | ) | HON. SETH NORMAN, JUDGE |
| JAMES A. HEARN, | ) | (Suppression) |
| Appellee | ) | |

CONCURRING OPINION

I concur fully with the result reached by the Court that the evidence in this case must be suppressed. I disagree however with the holding that the State's failure in the trial court to argue the existence of exigent circumstances precludes consideration in this court of that argument due to a waiver. I believe this Court should be free to examine the validity of a search using any appropriate legal analysis where the record in the case permits us to do so. The problem in this case is not that the State has waived as such the argument that exigent circumstances warrant a departure from the knock and announce rule; but rather the failure to litigate this issue below has left this court with a record which is insufficient for us to conclude that an unannounced entry was appropriate.

The State cites the case of State v. Gabbard, 877 P.2d 1217 (Or. App. 1994); for the proposition that a belief on the part of officers executing a search warrant that a methamphetamine lab may be on the premises to be searched is, standing alone, sufficient to create exigent circumstances thereby creating an exception to the knock and announce rule. However, I do not read Gabbard as holding this at all.

In Gabbard the offices received information the day of the search that the defendant and another were in the process of cooking methamphetamine. In addition, they recalled and verified that they had an outstanding arrest warrant for the individual allegedly with defendant and had a description of that person's car which was parked at defendant's residence. When the officers went to investigate, defendant came out of a lighted shed and clothing had the smell of PCP, a precursor to methamphetamine, and the officer observed that the defendant appeared under the influence of methamphetamine. The court found that this information constituted probable cause to look through the cracks in the shed walls where the officer observed an operating methamphetamine lab. The court further observed that exigent circumstances existed only if the officer had probable cause to believe the methamphetamine lab was operating at the time as the exigent circumstances exception was triggered only if there was an immediate danger of explosion and this danger existed only if an operating lab were suddenly shut down at the wrong time. The court found this probable cause by the officer's observation of the defendant when he came out of the shed. 877 P.2d at 1219, 1221, 1222.

Thus, the level of knowledge of the police as to the potential danger to themselves and others was far greater than a mere belief that a methamphetamine lab might be on the premises.

In contrast to Gabbard, the State's failure in the instant case to raise below the issue of the existence of exigent circumstances, while not strictly a waiver of that issue, has resulted in a record reflecting only a belief on the part of officers that a methamphetamine lab might be in the residence.[1] In my opinion that belief standing

---

[1]It is interesting that in the trial court police testified that in fact they had knocked and announced before entering the appellee's residence. On appeal the State takes the rather inconsistent position that law enforcement fears of an explosion warranted an unannounced entry. If police testimony below is to be believed, officers did not believe an unannounced entry was necessary for their protection.

2

alone is insufficient to create the exigent circumstances necessary to justify a departure from the knock and announce rule.

Even if police were <u>certain</u> that a methamphetamine laboratory was present in Appellant's residence, in my opinion that standing alone would not, as the State suggests, justify a blanket exception to the knock and announce rule. Only recently the United States Supreme Court has rejected the notion that the Fourth Amendment permits blanket exceptions to the knock and announce rule. In <u>Richards v. Wisconsin</u>, ___U.S. ___, 117 S.Ct. 1416 (1997); the Court held that the reasonableness of each "no knock" entry for the purpose of executing a search warrant must be judged under the particular circumstances of each case. The Court noted that "[I]f a <u>per</u> <u>se</u> exception were allowed for each category of criminal investigation that included a considerable-albeit hypothetical-risk of danger to officers or destruction of evidence, the knock-and-announce element of the Fourth Amendment's reasonableness requirement would be meaningless." <u>Id.</u> at 1420-21.

I therefore concur in the judgment of the Court.

_____
JERRY L. SMITH, JUDGE